DeMOSS, Circuit Judge,
specially concurring:
During the pendency of this matter on appeal, 12 U.S.C. § 1819(b)(2)(B) was amended to read as follows:
“(B) Removal
Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.” (Underlining added to indicate new language) (Pub.L. 102-242, Title I, § 161(d), 105 Stat. 2236, 2286, Dec. 19, 1991)
Some of my colleagues think that this amendment has little or no significance. I think it does. The fundamental conflict in this case relates to the issue of whether the provisions of § 1819(b)(2)(B) indicate anything regarding Congress’ intention about the status of the case being removed. Absent the new language added to this Section by the 1991 Amendment, I am inclined to agree with the dissent that the “general language does not address the trial/appellate status” of the case being removed.
With the new language of the 1991 Amendment in place, however, the “plain meaning” argument of the majority holds water, even in the unusual circumstances involved in this case. The new language indicates two periods of time when removal may be accomplished. The first period of time begins with the filing date of an action, suit, or proceeding in a state court in which “the Corporation” (FDIC) is a party defendant and ends 90-days later. The second period of time in which removal may be accomplished begins with the date the Corporation is substituted as a party in any action, suit, or proceeding in a state court and ends 90 days thereafter.
I recognize that the statutory language defining the second period does not contain express language like “regardless of the status of the case being removed.” But the language defining the first period does clearly indicate that the Congress thought about the subject of status of the case being removed (and the status of the Corporation as a party defendant therein) and *522 the failure to use any language about the status of the case being removed (or the status of the Corporation as a party therein) in the definition of the second period should, in my mind, properly be construed as being a conscious omission; leading to the conclusion that whenever removal is sought in a case in which the Corporation has been substituted as a party, the status of the case being removed (and the status of the Corporation as a party) is not material.
The first period for removal reflects the traditional circumstances for removal as contemplated by 28 U.S.C. § 1441 et seq. but gives the Corporation 90 days instead of 30 days to effect removal. The second period for removal is a special and unique right granted to the Corporation as part of the broad remedial purposes of the FIR-REA Legislation as described in the majority opinion. Likewise, for the reasons stated in the majority opinion, Congress clearly has the authority to establish this special and unique removal right. In the best of all worlds maybe Congress should have more thoroughly reflected its intentions with companion amendments which would expressly solve the uncertainties raised by the dissent. Obviously, we don’t live in the best of all worlds. But I concur in the majority holding because I am satisfied that the language added by the 1991 Amendment does sufficiently express Congress’ intent that removal be permitted even in the out-of-the-ordinary circumstances of this case.